UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | NO. 1:06-CR-220 |
| v. | : | |
| | | **(JUDGE MANNION)** |
| **PAUL A. BUTLER,** | : | |

## MEMORANDUM

Before the court is the petitioner's motion to vacate, set aside, or correct his aggregate 234-month sentence filed pursuant to 28 U.S.C. §2255. Petitioner's motion is based on the Supreme Court's decision in *United States v. Davis* \_\_\_U.S.\_\_\_, 139 S.Ct. 2319 (2019) (holding that the residual clause of 18 U.S.C. §924(c)(3)(B) is unconstitutionally vague and violated the Due Process Clause). Upon review, the petitioner's motion will be **DENIED**.

The factual and procedural history has been set forth as follows[1]:

> In (sic) December 5, 2005, the Defendant and Skylar Sundy robbed a Wine and Spirits shop in suburban Harrisburg at gunpoint. They wore masks and brandished firearms, when the (sic) approached employees as they were closing the store. They tied up one and held him in a car, while the other they forced to turn over approximately $2,900 in cash. Four days later, on December 9, 2005, the Defendant and Sundy robbed the

---

[1] Unless noted, petitioner's counsel does not challenge the factual and procedural history set forth in the government's brief.

Peppermill Restaurant at gunpoint, taking approximately $18,000 in cash.

A local law enforcement investigation resulted in the arrest of Sundy, who thereafter identified the Defendant. The Defendant confessed to these two robberies. The U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) became involved in the investigation, and suspected that there were additional robberies.

On June 21, 2006, a grand jury indicted the Defendant on four counts, including two violations of 18 U.S.C. §924(c). Each §924(c) violation was predicated on brandishing a firearm in furtherance of a Hobbs Act robbery, the Wine and Spirits shop and the Peppermill Restaurant.

Under the then applicable mandatory sentences pursuant to 18 U.S.C. §924(c), for the first §924(c) offense the Defendant faced a seven-year mandatory sentence which must be served consecutively to any other sentence. 18 U.S.C. §924(c)(1)(C)(i). The second conviction would have required imposition of a 25-year mandatory minimum sentence, which must have been imposed consecutive to any other offense. Thus, the Defendant faced 32 years of mandatory sentences which had to be imposed consecutively to all other sentences.

The government and the Defendant entered a written guilty plea agreement where the defendant agreed [to] plea to a two-count information. Count 1 alleged a violation of 18 U.S.C. §924(c), that he "did intentionally and knowingly brandish firearms during, in relation to, and in furtherance of a crime of violence for which he may be prosecuted in a court of the United States." The charge listed six robberies in which the Defendant brandished a firearm that affected interstate commerce. Count 1 did not allege a conspiracy. Count 2, on the other hand, charged conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. §1951(a).

The Defendant was sentenced to 150 months at Count 2 and a consecutive 84 months at Count 1, for the §924(c) violation.

In 2008, the Defendant filed a petition for relief pursuant to 28 U.S.C. §2255, where he alleged that his counsel was ineffective in plea negotiations and on appeal. After a full hearing and briefing by the parties, the court denied the petition for relief.

On June 24, 2019, the Supreme Court issued a decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). The Supreme Court addressed whether a conspiracy to commit Hobbs Act robbery qualified under the "residual" clause of §924(c)(3)(B). Like other similarly worded provisions in the Armed Career Criminal Act, 28 U.S.C. §924(e), the Court found the residual clause unconstitutionally vague. *Davis*, 139 S.Ct. at 2324.

On August 19, 2019, the Defendant filed a petition for relief pursuant to 28 U.S.C. §2255, claiming that his §924(c) conviction was based upon conspiracy to commit Hobbs Act robbery. He also alleged that he had received permission from the Third Circuit Court of Appeals to file a second or successive petition under 28 U.S.C. §2255. On August 22, 2019, the Defendant filed with the Third Circuit a petition requesting permission to file a second or successive §2255 motion. *United States v. Butler*, Third Circuit Docket No. 19-2896.[2]

(Doc. 70, pp. 2-6)(footnotes and citations omitted).

The petitioner subsequently filed a motion requesting expedited consideration of his §2255 motion (Doc. 68) after which an order was issued appointing him counsel (Doc. 69). The government has filed a brief in opposition to the petitioner's §2255 motion. (Doc. 70). And, after having been granted continuances of time to do so, counsel for the petitioner has filed a reply brief. (Doc. 78).

When a district court judge imposes a sentence on a defendant who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

---

[2] In fact, by order dated August 28, 2019, the Third Circuit granted the petitioner's application to file a second or successive petition. (Doc. 65).

such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255, ¶1; *see United States v. Eakman*, 378 F.3d 294, 297-98 (3d Cir. 2004).

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. 2255(b).

A §2255 motion "is addressed to the sound discretion of the district court." *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980). "[A] motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." *Paulino v. U.S.*, 2010 WL 2545547, *2 (W.D. Pa. June 21, 2010) (citations omitted). "In order to prevail on a §2255 motion to vacate, set aside, or correct a sentence, a Petitioner must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *U.S. v. Bates*, 2008 WL 80048, *2

(M.D. Pa. Jan. 7, 2008) (quoting *Mallet v. U.S.*, 334 F.3d 491, 496-97 (6th Cir. 2003)). "The petitioner bears the burden of proof under §2255 and must demonstrate his right to relief by a preponderance of the evidence." *U.S. v. Ayers*, 938 F.Supp.2d 108, 112 (D.D.C. 2013) (citation omitted).

Additionally, "Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing", "[r]ather, Section 2255 is implicated only when the alleged error raises 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Williams v. United States*, 2016 WL 6892375, *2 (M.D. Pa. Nov. 22, 2016) (internal citations omitted).

"If the court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, the court may vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate." *United States v. Milan*, 2020 WL 6682535, *2 (M.D. Pa. Nov. 12, 2020) (citing 28 U.S.C. §2255(b)).

In his §2255 motion, the petitioner here is challenging his §924(c) conviction in light of the Supreme Court's decision in *Davis*. Specifically, counsel for petitioner argues that the categorical approach applies in this case, and applying the categorical approach, the court must first determine the alleged "crime of violence" upon which the petitioner's §924(c) conviction

was predicated. Counsel argues that the alleged "crime of violence" in Count 1 was the Hobbs Act statute, in violation of 18 U.S.C. §1951(a). Because the Hobbs Act statute includes alternative crimes, including robbery, extortion, attempting to rob, attempting to extort, conspiracy to commit robbery and conspiracy to commit extortion, counsel argues that the court must apply the modified categorical approach to determine which of the multiple crimes contained in the statute necessarily served as the basis of the petitioner's §924(c) conviction. Counsel argues that the information, the plea agreement and the transcript of the guilty plea colloquy in this case failed to conclusively establish that a completed robbery was the basis for the §924(c) conviction. Arguing that there is ambiguity in the plea agreement and transcript of the plea colloquy regarding the "crime of violence," counsel puts forth that it must be assumed that the petitioner's §924(c) count was predicated on the least serious of the offenses in §1951(c), which is conspiracy. Since conspiracy cannot serve as a "crime of violence," counsel argues that the petitioner's conviction on Count 1 is void.

As the court in *U.S. v. Milan*, 2020 WL 6682535, *2 n. 1, noted:

> [F]ollowing *Davis*, courts use the categorical approach to determine whether an offense constitutes a crime of violence under the elements clause of Section 924(c). Under the categorical approach, courts "compare the elements of the statute under which the defendant was convicted to the [§924(c)] definition of 'crime of violence.'" *United States v. Johnson*, 899

F.3d 191, 203 (3d Cir. 2018) (citing *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018)). In making this determination, courts must "look only to the statutory definitions—i.e., the elements—of a defendant's . . . offense, and not to the particular facts underlying the conviction." *United States v. Lewis*, 720 F.App'x 111, 114 (3d Cir. 2018), cert. denied, —— U.S. ——, 138 S. Ct. 2013, 201 L.Ed.2d 268 (2018) (quoting *United States v. Chapman*, 866 F.3d 129, 134 (3d Cir. 2017)). "A crime is only a 'crime of violence' if 'the least culpable conduct hypothetically necessary to sustain a conviction under the statute' meets the definition." *Id*. (citing Wilson, 880 F.3d at 84).

The definition of Hobbs Act robbery, 18 U.S.C. §1951(b)(1), is:

> The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

Based on the facts of this case, the petitioner's conviction for Hobbs Act robbery falls squarely under §924(c)(3)(A), since the record demonstrates that he used, attempted to use, and threatened to use physical force during the charged robberies. That is to say, the petitioner's §924(c) conviction was based on the completed robberies, the charge he pled guilty to in Count 1.

The information in the petitioner's case charged that:

> On July 1, 2005, through December 9, 2005, in Dauphin and Cumberland Counties, Pennsylvania, within the Middle District of Pennsylvania, the defendant, PAUL BUTLER, did intentionally and knowingly brandish firearms during, in relation

to, and in furtherance of a crime of violence for which he may be prosecuted in a court of the United States; namely, the robberies of Cronies Restaurant on July 1, 2005, Croc-N-Berries Restaurant on July 16, 2005, Weis Market on July 23, 2005, Seirra Madre Restaurant on August 21, 2005, the Wine and Spirit Shop on December 5, 2005, and the Peppermill Restaurant on December 9, 2005, all robberies which obstructed, delayed and affected interstate commerce, in violation of Title 18, United States Code, Section 1951(a). All in violation of Title 18 United States Code, Section 924(c)."

(Doc. 22).

The petitioner's pre-sentence report reflects, among other things, that on December 5, 2005, the petitioner and another individual robbed the Wine and Spirits Shop at gunpoint. They wore masks and brandished firearms, when they approached employees as they were closing the store. They tied up one of the employees and held him in a car, while they forced the other to turn over approximately $2,900 in cash. Just a few days later, the petitioner committed another robbery at the Peppermill Restaurant at gunpoint during which approximately $18,000 in cash was taken. (Doc. 70, p. 2).

During his guilty plea colloquy, the petitioner admitted that he committed the foregoing robberies, and his admitted facts which form the basis of his §924(c) conviction establish the predicate offense of Hobbs Act robbery. The petitioner clearly admitted to all of the elements of a completed

Hobbs Act robbery. During the colloquy, the government summarized the evidence regarding the robberies, and stated, in relevant part, as follows:

> MR. CONSIGLIO: Thank you, Your Honor. If the Government were required to present proof of these charges, we would present the following: That on July 1st, 2005, the Defendant and Nicholas Aquino entered Chronies Restaurant in Wormleysburg, Pennsylvania, and robbed that restaurant at gunpoint after having taken control of the employees inside that restaurant.
> On July 16, 2005, the Defendant and Nicholas Aquino entered Croc-N-Berry's restaurant in Susquehanna Township, Pennsylvania, again after closing hours. This time, they robbed the employees at gunpoint of cash.
> On July 23rd, 2005, the Defendant and Nicholas Aquino entered Weis Market in Carlisle, Pennsylvania, while store hours were still open. However, as the store closed, Mr. Butler and Mr. Aquino robbed the employees at gunpoint.
> On August 21st, 2005, the Defendant and Mr. Aquino entered the Sierra Madre restaurant in Hampden Township, Cumberland County, Pennsylvania, after closing hours for that establishment. They attempted to rob that establishment at gunpoint although that robbery was not completed as alarms were signaled.
> On September 6, 2005, the Defendant, serving as a lookout, assisted Nicholas Aquino as he entered the Weis Market in Camp Hill, Pennsylvania. Nicholas Aquino, with a firearm brandished, robbed that establishment at gunpoint of cash.
>
> THE COURT: Who was robbed there?
>
> MR. CONSIGLIO: That was the store manager.
>
> THE COURT: Is this after hours?
>
> MR. CONSIGLIO: This was actually early morning hours, about 5 a.m.
>
> THE COURT: Okay.

> MR. CONSIGLIO: On December 5th, 2005, the Defendant and another individual, Skylar Sundy, robbed Wine and Spirits store in Swatara Township in Dauphin County, Pennsylvania. Again. They robbed the store at gunpoint, taking U.S. currency from the establishment.
> And on December 9, 2005, the Defendant and Skylar Sundy robbed the Peppermill Restaurant in Cumberland County, Pennsylvania, again robbing the establishment with employees inside of U.S. currency.
>
> THE COURT: Was a gun used in that?
>
> MR. CONSIGLIO: Yes, Your Honor.
>
> THE COURT: Okay.
>
> MR. CONSIGLIO: And all of these establishments had materials that traveled in interstate commerce and this robbery affected their interstate commerce. In each of these incidents, the robberies, the firearms were brandished by the Defendant or his co-defendant.

(Doc. 77, pp. 9-10).

After hearing the underlying facts during the petitioner's plea colloquy, the court and the defendant had the following exchange:

> THE COURT: Mr. Butler, you heard Mr. Consiglio's account of these seven robberies. Has he fairly stated what occurred?
>
> THE DEFENDANT: Yes, sir.

(Doc. 77, p. 11).

Given the language of the information, the contents of the pre-sentence report and the admissions of the petitioner on the record, the court

finds that the completed Hobbs Act robbery properly underlies the petitioner's §924(c) conviction.

Even assuming a completed Hobbs Act robbery, the petitioner's counsel argues that Hobbs Act robbery is not a crime of violence under the elements clause because it does not categorically require the use of intentional violent force against the person or property of another. With respect to this argument, the Third Circuit recently issued a non-precedential opinion addressing whether Hobbs Act robbery qualifies as a crime of violence for purposes of §924(c). *United States v. Monroe*, 837 Fed.Appx. 898 (3d Cir. Jan. 6, 2021).

In *Monroe*, *id*. at 899, the Third Circuit held that "[a]fter *Davis*, all cases analyzed under the elements clause must apply the categorical approach." The court then considered the defendants' (Copes and Monroe) argument that "Hobbs Act robbery is . . . no longer a crime of violence under 18 U.S.C. §924(c) because §924(c)(3)(B) is unconstitutionally vague", and that "their convictions under §924(c)(3) must be vacated because Hobbs Act robbery does not satisfy the elements clause." In particular, the defendants "argue that Hobbs Act robbery does not qualify as a crime of violence because Hobbs Act robbery can be committed without the 'use, attempted use, or threatened use of physical force.'" *Id.*

The Third Circuit in *Monroe* held that "Hobbs Act robbery is still a crime of violence under the 'elements prong' of §924(c) because Hobbs Act robbery satisfies §924(c)(3)(A) using the categorical approach." *Id*. The Court explained:

> Hobbs Act robbery is defined, in relevant part, as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." Section 924(c)(3)(A) defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

Additionally, ten other circuits have found that Hobbs Act robbery is categorically a crime of violence. *See Davenport v. United States*, 2021 WL 149261, *7 (M.D. Pa. Jan. 15, 2021) (citing *United States v. Garcia-Ortiz*, 904 F.3d 102 (1st Cir. 2018); *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018); *United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017); *United States v. Jones*, 919 F.3d 1064, 1072 (8th Cir. 2019); *United States v. Dominguez*, 954 F.3d 1251, 1258-62 (9th Cir. 2020) (holding that [under the categorical approach] both Hobbs Act robbery and attempted Hobbs Act robbery are crimes of violence under §924(c) and, noting that "[a]ll of our sister circuits have considered this question too, and have held that

Hobbs Act robbery is a crime of violence under the elements clause.") (string citations omitted); *United States v. Melgar-Cabrera*, 892 F.3d 1053, (10th Cir. 2018); *In re St. Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016); *United States v. St. Hubert*, 909 F.3d 335, 351-53 (11th Cir. 2018)).

The court finds the recent *Monroe* case, as well as the above cited cases from the ten other circuits, to be persuasive and concurs with their findings that Hobbs Act robbery is categorically a crime of violence under the elements clause.

Thus, the court finds no merit to petitioner's claim in his §2255 motion and will deny his request to vacate his conviction and sentence on Count 1 of the information. The court also finds that petitioner is not entitled to an evidentiary hearing because the record conclusively establishes that he is not entitled to the relief sought in his §2255 motion. *See Monroe*, 2021 WL 50161, *1-2. Therefore, the court, in its discretion, finds no reason to hold an evidentiary hearing.

Related to the court's decision, a petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that

"jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, a COA will not issue regrading petitioner's claim under *Davis* because he has shown neither the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of this claim. *See Monroe, supra; Martinez, supra*.

As a final matter, the petitioner has pending before the court a motion to expedite a decision on his §2255 motion. (Doc. 68). In light of this decision, petitioner's motion will be dismissed as moot.

Based on the foregoing, the court will **DENY** petitioner's §2255 motion **(Doc. 61)** on its merits regarding his claim to invalidate his conviction on under *Davis*. Moreover, petitioner's motion to expedite **(Doc. 68)** will be **DISMISSED AS MOOT**. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 18, 2021**
06-220-01